[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13200
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-04639-LMM


JAZZMON EDMUNDSON,

Plaintiff-Appellant,


versus


THE CITY OF ATLANTA AS A MUNICIPALITY,
bound by & through Chief George Turner in both individual and official capacity,
OFFICER JUSTIN LOCKE,
in his official Atlanta Police capacity and personal capacity,
DEMETRIUS JONES,
in both individual and official capacity,
SGT. ROBERT DANIELS,
in both individual and official capacity as an Atlanta Police Officer,
SGT. ANDREW CERUL,
in his individual and official capacity as an Atlanta Police Officer, et al.,

Defendants-Appellees,


CHIEF ERIKA SHIELDS,
in her official capacity and personal capacity,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 6, 2018)

Before TJOFLAT, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

Jazzmon Edmundson appeals the District Court's dismissal of her complaint, filed pursuant to 42 U.S.C. § 1983, alleging constitutional and state law violations related to her termination from the police force.  On appeal, she argues that the District Court erred in dismissing her complaint for failure to state a claim upon which relief could be granted, because the complaint was well pled and contained sufficient allegations to state a plausible entitlement for relief.

We review *de novo* a district court's order granting a motion to dismiss for failure to state a claim, accepting all allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016).  In order to survive a motion to dismiss, the complaint must plead enough facts to state a claim for relief that is plausible on its face.  *Id*.  A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id*.

2

An appellant abandons a claim when she either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Specifically, a passing reference to the claim made in the "summary of the argument" section of the opening brief or references "buried" within the appellant's main arguments can constitute abandonment. *Id.* at 681–82; *see also Denney v. City of Albany*, 247 F.3d 1172, 1182 (11th Cir. 2001) (deeming issue abandoned where plaintiffs made single reference to the issue in their brief, did not discuss the district court's analysis of the issue, and did not make any legal or factual argument as to why district court's decision was in error).

Here, the substantive argument section of Edmundson's brief is approximately two pages long and makes only the general assertion that her complaint was well plead and contained sufficient factual allegations. Edmundson does not address her specific causes of action, nor does she attempt to argue that her complaint alleged sufficient facts to establish the necessary elements of each. Though she makes some references to her Fourteenth Amendment and state law claims in the "Statement of Issues" and "Summary of Argument" sections of her brief, she does not dispute any of the specific conclusions the District Court reached regarding why any of her claims were deficient. Accordingly, because Edmundson made only passing references to some claims and did not mention

3

others at all, and did not develop any specific substantive legal arguments regarding her assertion that her complaint was sufficient, we conclude that she waived all of her claims of error on appeal.  We affirm the District Court's dismissal of her complaint.

**AFFIRMED.**